UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| IN RE: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION. | ) ) ) ) ) ) ) | MDL DOCKET NO. 1566<br><br>Base Case File No. 2:03-CV-01431-PMP-PAL |
| THIS DOCUMENT RELATES TO: | ) ) | |
| *Learjet, et al. v. ONEOK, et al.* | ) ) | 2:06-CV-00233-PMP-PAL |
| *Heartland Regional Medical Center, et al. v. ONEOK, Inc., et al.* | ) ) ) | 2:07-CV-00987-PMP-PAL |

**JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE BETWEEN DEFENDANT KANSAS GAS MAREKTING COMPANY AND PLAINTIFFS LEARJET, INC., ET AL. AND HEARTLAND REGIONAL MEDICAL <u>CENTER, ET AL. AND PROPOSED ORDER</u>**

WHEREAS, on or about December 9, 2005, plaintiffs Learjet, Topeka 501, and Cross Oil on behalf of themselves and all others similarly situated (collectively "Learjet Plaintiffs") commenced an action in the District Court of Wyandotte County Kansas, which was subsequently removed to the United States District Court District of Kansas (Kansas City) and styled *Learjet, et al. v. ONEOK, et al.*, Case No. 2:05-cv-02513-CM-JPO ("*Learjet* Action"), and was then transferred to the Nevada District Court, MDL Docket No. 1566;

WHEREAS, on or about April 27, 2007, plaintiffs Heartland Regional Medical Center on behalf of itself and all others similarly situated (collectively, "Heartland Plaintiffs") commenced an action in the Circuit Court of Buchanan County, Missouri, which was subsequently removed to the United States District Court Western District of Missouri (St. Joseph) and styled *Heartland Regional Medical Center, et al. v. ONEOK, et al.*, Case No. 5:07-cv-06048-DW ("*Heartland* Action"), and was then transferred to the Nevada District Court, MDL Docket No. 1566;

WHEREAS, the Learjet Plaintiffs and the Heartland Plaintiffs (collectively, "Plaintiffs") named Kansas Gas Marketing Company as a defendant in each of these cases (collectively, "the Actions");

WHEREAS, Kansas Gas Marketing Company, along with all other defendants named in the Actions, jointly filed a renewed motion for summary judgment on preemption grounds on December 16, 2009;

WHEREAS, on July 18, 2011 the Court granted the defendants' renewed motion for summary judgment as to all claims against all defendants other than Plaintiffs' claims against Kansas Gas Marketing Company;

WHEREAS, on July 22, 2011, Plaintiffs filed Notices of Appeal indicating their intention to appeal the Court's July 18, 2011 judgment ("Plaintiffs' Appeals");

WHEREAS, Plaintiffs believe that it will promote efficiency on appeal to dismiss Kansas Gas Marketing Company from each of the Actions without prejudice.

NOW, THEREFORE, IT IS HEREBY STIPULATED by and between Plaintiffs and Kansas Gas Marketing Company that:

1. Plaintiffs will dismiss the Actions without prejudice as against Kansas Gas Marketing Company pursuant to Fed. R. Civ. P. 41 (a)(l)(i), and Plaintiffs shall file a notice effecting such voluntary dismissal no later than 10 days after entry of this Joint Stipulation and Order.

2. Beginning with the filing of the first complaint naming Kansas Gas Marketing Company as a defendant in the particular action (*i.e.*, the initial complaints filed in the *Learjet* Action and *Heartland* Action) and continuing until ninety (90) days following the final disposition of Plaintiffs' Appeals ("the tolling periods"), to the extent the applicable statutes of

limitation periods did not expire prior to the filing of the Actions (an issue that may be addressed on appeal), any statute of limitations applicable to the claims currently alleged against Kansas Gas Marketing Company in the Actions by the named class representatives, or another member of the proposed classes, in the *Learjet* and *Heartland* Actions, is hereby tolled to the same extent as if the Actions had continued against Kansas Gas Marketing Company during the tolling periods, and Kansas Gas Marketing Company agrees that it will not assert statute of limitations as a defense with respect to the tolling periods. It is further agreed that Kansas Gas Marketing will not use this stipulation of dismissal as a basis to challenge the timeliness or relation back of the federal antitrust claims Plaintiffs sought leave to amend to add in December 2009. This joint stipulation is not, however, intended to revive or support any claims that were barred by the statute of limitations as of the filing of the complaints naming Kansas Gas Marketing Company as a defendant in the particular action (*i.e.*, initial complaints filed in the *Learjet* action and *Heartland* action). It is agreed, however, that, by agreeing to toll the statute of limitations, Kansas Gas Marketing Company has not waived, and hereby preserves, all other defenses, claims, rights and remedies, whether substantive or procedural, that it may plead, assert or otherwise raise in the Actions or any other actions.

3. In the event Plaintiffs successfully appeal the Court's July 18, 2011 Order and Judgment, and the Actions are reversed and remanded, in whole or in part, Plaintiffs may amend the complaints in the Actions to add Kansas Gas Marketing Company as a defendant, alleging the same claims for relief currently alleged in the Actions. If Plaintiffs amend their complaints, Plaintiffs' attorneys, Kansas Gas Marketing Company, and Gable Gotwals, A Professional Corporation ("Gable Gotwals") hereby agree that the Tulsa office of Gable Gotwals will accept service of the amended complaint; provided, however, that Kansas Gas Marketing Company

preserves all defenses, claims, rights, and remedies, whether substantive or procedural, that it would otherwise have if the complaint were served on it in the ordinary manner, except for the defense of improper service of process or the defense of statute of limitations for the tolling periods. Plaintiffs and Kansas Gas Marketing Company agree to be bound by the decisions rendered in Plaintiffs' Appeals by the Ninth Circuit, and if applicable, the United States Supreme Court, as if they were parties to, and the claims asserted against Kansas Gas Marketing Company were the subject of, the appeal.

4. Kansas Gas Marketing Company agrees that it will not seek an award of costs, attorneys' fees, or sanctions against Plaintiffs for any reason in connection with the prosecution of the Actions against Kansas Gas Marketing Company through the date of the execution of this stipulation, and Kansas Gas Marketing Company hereby waives any claim for costs, attorneys' fees, or sanctions for the prosecution of the Actions, whether pursuant to state or federal law, including, without limitation, pursuant to 28 U.S.C. § 1927 or Rules 11, 16, 26, or 34 of the Federal Rules of Civil Procedure that may have accrued through the date of the execution of this stipulation.

5. Nothing in this Joint Stipulation and Order will be deemed to be an admission of liability by Kansas Gas Marketing Company or an admission as to an allegation or claim in the complaints in the Actions by Kansas Gas Marketing Company.

SO STIPULATED:

                                  **For Plaintiffs**:

Dated: August 17, 2011      /s/ *Gregory M. Bentz*
                                   R. Lawrence Ward
                                   Jennifer Gille Bacon
                                   Gregory M. Bentz
                                   POLSINELLI SHUGHART P.C.
                                   *Counsel for Plaintiffs Learjet, Inc., et al. and*
                                   *Heartland Regional Medical Center, et al.*


                                  **For Defendant Kansas Gas Marketing Company**

Dated: August 17, 2011      /s/ *Craig A. Fitzgerald*
                                   Oliver S. Howard
                                   John Henry Rule
                                   Amelia A. Fogleman
                                   Craig A. Fitzgerald
                                   Gable Gotwals, A Professional Corporation
                                   *Counsel for Defendant Kansas Gas Marketing*
                                   *Company*


**IT IS SO ORDERED.**

Dated: August 18, 2011                                     
                                   The Honorable Philip M. Pro
                                   U.S. DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 2011, a true and correct copy of the foregoing was electronically served on counsel for all parties properly registered to receive notice via the Court's CM/ECF system.

/s/ *Gregory M. Bentz*